JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748
    Email: jennifer.s.wang@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PORTIA LEMMONS, | Case No. C07-01198 MEJ |
| Plaintiff, | |
| v. | SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT |
| UNITED STATES OF AMERICA, | |
| Defendant. | ORDER DISMISSING CASE |

## SETTLEMENT AGREEMENT

Plaintiff Portia Lemmons and defendant United States of America hereby enter into this Settlement Agreement (the "Agreement"), as follows:

1.     The parties hereby agree to settle and compromise *Portia Lemmons v. United States of America*, United States District Court for the Northern District of California Case Number C 07-01198 MEJ (the "Lawsuit"), under the terms and conditions set forth herein.

2.     The United States of America agrees to pay plaintiff the sum of Thirty Thousand Dollars ($30,000.00) (the "Settlement Amount") in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuit for which plaintiff or her heirs, executors, administrators, or

Settlement Agreement & [Proposed] Order Approving Settlement
Case No. C 07-01198 MEJ     1

1  assigns, and each of them, now have or may hereafter acquire against the United States of
2  America, its agencies, agents, servants, or employees.

3     3.   Plaintiff and her heirs, executors, administrators, and assigns hereby agree to
4  accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands,
5  rights, or causes of action of whatsoever kind and nature, arising from, and by reason of any and
6  all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to
7  property and the consequences thereof which they may have or hereafter acquire against the
8  United States of America, its agencies, agents, servants, or employees on account of the same
9  subject matter that gave rise to the Lawsuit. Plaintiff and her heirs, executors, administrators,
10 and assigns further agree to reimburse, indemnify, and hold harmless the United States of
11 America, its agencies, agents, servants, and employees from any and all such causes of action,
12 claims, liens, rights, or subrogated or contribution interests incident to or resulting from further
13 litigation or the prosecution of claims by plaintiff or her heirs, executors, administrators, or
14 assigns against any third party or against the United States of America.

15    4.   This Agreement shall not constitute an admission of liability or fault on the part of
16 the United States of America, its agencies, agents, servants, or employees, and is entered into by
17 and between the parties for the purpose of compromising disputed claims and avoiding the
18 expenses and risks of litigation.

19    5.   This Agreement may be pled as a full and complete defense to any subsequent
20 action or other proceeding involving any person or party which arises out of the claims released
21 and discharged by this Agreement.

22    6.   The Settlement Amount represents the entire amount of the compromise
23 settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any
24 attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in
25 addition thereto.

26    7.   It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the
27 United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall
28 not exceed 25 percent of the Settlement Amount.

8. Payment of the Settlement Amount will be made by a check drawn on the United States Postal Service and will be made payable to "Portia Lemmons."

9. In consideration of payment of the Settlement Amount and this Agreement, plaintiff agrees that upon notification that the settlement check is ready for delivery, she will deliver to defense counsel a fully executed Stipulation for Dismissal with Prejudice of the Lawsuit. Upon delivery of the Stipulation for Dismissal with Prejudice, defense counsel will release the settlement check to plaintiff's counsel.

10. Plaintiff has been informed that payment of the Settlement Amount may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process the payment.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

12. In consideration of payment of the Settlement Amount and this Agreement, plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

13. California Civil Code Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff, having been apprised of such language by her attorney, and fully understanding the same, nevertheless waives the benefits of any and all rights she may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning

3

her injuries and the liability of the defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

14. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

Dated: 10/2/08

PORTIA LEMMONS
Plaintiff

Dated: Oct 2, 2008

DUANE & SELTZER

RICHARD P. DUANE
Attorneys for Plaintiff

Dated: 10/3/08

JOSEPH P. RUSSONIELLO
United States Attorney

JENNIFER S. WANG
Assistant United States Attorney
Attorneys for Defendant

[PROPOSED] ORDER

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO ORDERED. THIS CASE IS HEREBY DISMISSED. THE CLERK SHALL CLOSE THE FILE.

Dated: October 6, 2008

HON. MARIA-ELENA JAMES
United States Magistrate Judge

Settlement Agreement & [Proposed] Order Approving Settlement
Case No. C 07-01198 MEJ                     4